**LAW OFFICES OF GABRIEL LIBERMAN, APC**
Gabriel E. Liberman (SBN 303010)
Gabe@4851111.com
2033 Howe Avenue, Suite 140
Sacramento, California 95825
Telephone: (916) 485-1111
Facsimile: (916) 485-1111

Proposed Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>**HENDRICKSON TRUCK LINES, INC.**<br><br>FEIN: 47-1616076<br><br><br>Debtor. | Case No. 2019-27396-B-11<br>DCN: GEL-3<br><br>Date: December 3, 2019<br>Time: 9:30 a.m.<br>Location: 501 I Street, 6th floor,<br>Courtroom ;<br>Sacramento, CA<br><br>Judge: Honorable Christopher D. Jaime |

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR'S
USE OF CASH COLLATERAL, (II) APPROVING
ADEQUATE PROTECTION TO PREPETITION LENDER AND
(III) SCHEDULING A FINAL HEARING**

Hendrickson Truck Lines, Inc., debtor and debtor-in-possession ("Debtor"), filed its Emergency Motion for Order (i) Authorizing Debtor's Use of Cash Collateral for the period of November 27, 2019 to December 31, 2019, (ii) Approving Adequate Protection to PrePetition Lender and (iii) Scheduling a Final Hearing to consider entry of an order granting the relief requested in the Motion in a Final Order [ECF Nos. 15-17] (the "Motion"),[1] and upon consideration of the Motion, the Declaration of Alban Lang and the evidence submitted or adduced and the arguments of counsel made at the interim hearing held on the Motion (the "Interim Hearing"); The

---
[1] All capitalized, undefined terms shall have the meanings ascribed to them in the Emergency Motion.

RECEIVED
December 03, 2019
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0006636004

Court reviewed the Motion and the other pleadings on file and heard and considered the argument of counsel. The Court stated its findings of fact and conclusions of law on the record at the hearing on the Motion, which findings of fact and conclusions of law are incorporated herein by this reference in accordance with Fed. R. Civ. P. 52, as made applicable by Fed. R. Bankr. P. 9014. It appearing that the relief requested is necessary to preserve the Debtor's ongoing operations and necessary to avoid immediate and irreparable harm, and is in the best interests of Debtor, its estate, and its creditors; and in the light of the circumstances and the emergency nature of the relief requested; and after due deliberation and sufficient cause appearing therefor,

BASED UPON THE RECORD ESTABLISHED AT THE INTERIM HEARING BY THE DEBTOR, THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.　　On November 27, 2019 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of California (the "Court") commencing this case. The Debtor is continuing in the management and operation of its business and properties as a debtor-in-possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been appointed in this case.

B.　　This Court has jurisdiction over the persons and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue for the case and proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

C.　　As of the date hereof, the Office of the United States Trustee (the "U.S. Trustee") has not yet appointed any official committee in the case pursuant to Bankruptcy Code section 1102 (each, a "Committee").

**IT IS HEREBY ORDERED THAT:**

1. <u>Motion Granted.</u> The Motion is GRANTED IN PART on an interim basis to the extent set forth herein.

1. 2. <u>Authorization to Use Cash Collateral.</u> Pursuant to Bankruptcy Code sections 105(a), 363(b), and 363(c)(2), the Debtor is authorized to use Cash Collateral in the amount of $80,000.00, to the extent funds are available under the pre-petition agreement with TAB, on an interim basis in the amounts and for the purposes identified in the cash collateral budget, , as set forth in the Budget, excepting payments on secured debt, attached hereto as **Exhibit 1** (as may be amended, the "**Budget**") through November 27, 2019 and including December 31, 2019 (the "<u>Interim Period</u>"). All cash collateral use must be in accordance with the terms of the Budget, subject to cumulative variances of no more than 15% each per month for disbursements and collections (the "<u>Permitted Variance</u>").

3. <u>Post-Petition Pre-Hearing Use of Cash Collateral.</u> After the Petition Date, but prior to the hearing on the Motion, the Debtor required use of Cash Collateral held by Transportation Alliance Bank dba TAB Bank ("TAB") to fund the Debtor's operations from the Petition Date until the hearing on the Motion. TAB consented to the use of up to $80,000.00 of Cash Collateral through December 3, 2019, subject to TAB receiving a post-petition replacement lien. TAB's authorization of these payments is hereby authorized and ratified. TAB shall not have any liability under 11 U.S.C. §549 with respect to the provisions of this order.

4. TAB is authorized to continue collection of the pre-petition accounts from account debtors pursuant to the pre-petition agreement with TAB (the "Pre-Petition Accounts").

5. <u>Adequate Protection.</u> In consideration for the use of the Cash Collateral, TAB is granted adequate protection as follows:

a. **Replacement Lien**. Pursuant to Bankruptcy Code sections 361, 363(e), and 364, and except as to otherwise validly perfected and unavoidable liens existing as of the Petition Date, Tab is granted a replacement security interest and lien in the assets of the Debtor to the same extent and priority granted toTAB pursuant to the Prepetition Loan Documents (the "**Adequate Protection Replacement Lien**"). However, for the avoidance of doubt, nothing in this Interim Order shall encumber any causes of action available under Chapter 5 of the Bankruptcy Code, and proceeds are not subject to a super.priority claim.

b. **Modification of Budget:** As further adequate protection for any use or diminution in the value of the Prepetition Lender's interest in the Prepetition Collateral (including, without limitation, the Cash Collateral), the Debtor must comply with the Budget and shall not make any disbursements other than those set forth in the Budget, subject to the Permitted Variance, but the Debtor is not obligated to incur expenses or use the maximum of all budgeted items. The Budget may be modified with TAB's prior written consent, without further order of the Court, or upon order of the Court as necessary. Each modified budget shall be filed with the Court.

c. **No Binding Effect**: For the avoidance of doubt, no admissions by the Debtor in the Motion or related documents with respect to the validity, perfection, amount or priority of TAB's pre-petition lien or debt shall be binding on any party other than the Debtor.

6. **Final Hearing**. The hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on January 7, 2020 at 2:00 p.m. (PT) (the "Final Hearing Date"); and any objections to entry of such order shall be in writing, filed with this Court, and served upon (i) counsel to the Debtor, (ii) the Prepetition Lender, (iii) the U.S. Trustee, and (iv) counsel for any statutory committee appointed in these Chapter 11

Cases, in each case so as to be received no later than **December 24, 2019**, and Replies, if any, filed and served on or before **December 31, 2019**.

7. <u>Notice.</u> The Debtor shall serve a notice of the entry of this Interim Order and notice of the Final Hearing Date, by regular mail on or before **December 10, 2019** upon (i) the U.S. Trustee, (ii) the creditors holding the 20 largest unsecured claims against the Debtor, (iii) affected creditors, and (iv) any other party which has filed a request with this Court for notice in the Debtor's case and served such request upon the Debtor's counsel.

8. <u>Immediate Effectiveness.</u> This Interim Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon entry hereof, and there shall be no stay of effectiveness of this Interim Order.

9. <u>Retention of Jurisdiction.</u> The Court shall retain jurisdiction over any matters arising from or relating to the implementation and interpretation of this interim Order.

Approved as to form:

OFFICE OF THE UNITED STATES TRUSTEE

By: _/s/ Jason Blumberg_
Jason Blumberg
Attorney for the United States Trustee

**Dated:** December 04, 2019

_/s/ Christopher D. Jaime_
Christopher D. Jaime, Judge
United States Bankruptcy Court

-5-

# Exhibit "1"

**Hendrickson Truck Lines, Inc.**
**Monthly Budget**

|  | Nov 27-DEC 31 |
|---|---|
| Cash on hand/ carryover: | 65,000 |
| **Cash Receipts from TAB Bank** | 1,660,000 |
| Total receipts | 1,725,000 |

**Cash payments:**

| | |
|---|---|
| Peoplease driver wages & taxes | 480,151 |
| Office & shop wages & taxes | 142,760 |
| Workers Compensation | 64,640 |
| Kaiser health insurance | 44,297 |
| Fuel & oil | 344,235 |
| Maintenance | 126,160 |
| Taxes & licensing | 55,945 |
| Insurance | 133,813 |
| Office equip & terminal rents | 13,642 |
| Safety & recruiting | 45,198 |
| Communication & utilities | 13,428 |
| Misc admin expenses | 5,641 |
| Secured debt payments | 66,005 |
| Equipment rent to 19th Capital | - |
| **Administrative costs** | |
| TAB DIP Fees | 7,500 |
| Debtor's Professional* | |
| UST Quarterly Fees | |
| Total Cash Disbursements | 1,543,415 |

| **Budget surplus** | 181,585 |
|---|---|