**4**

**LAW OFFICES OF GABRIEL LIBERMAN, APC**
Gabriel E. Liberman (SBN 303010)
Gabe@4851111.com
2033 Howe Avenue, Suite 140
Sacramento, California 95825
Telephone:     (916) 485-1111
Facsimile:     (916) 485-1111
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA -SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 2019-27396-B-11<br>DCN: GEL-1 |
| **HENDRICKSON TRUCK LINES, INC.** | Date:     January 7, 2020 |
| FEIN: 47-1616076 | Time:     2:00 p.m.<br>Location: 501 I Street, 6th floor,<br>Courtroom 32;<br>Sacramento, CA |
| Debtor. | Judge:     Honorable Christopher D. Jaime |

**ORDER GRANTING ON FINAL BASIS DEBTOR'S EMERGENCY
MOTION FOR ORDER AUTHORIZING DEBTOR TO OBTAIN
DEBTOR-IN-POSSESSION FINANCING**

HENDRICKSON TRUCK LINES, INC., the debtor and debtor-in-possession ("Debtor"),
filed its Emergency Motion for Order Authorizing Debtor to Obtain Debtor-In-Possession
Financing (the "Motion")[1] [ECF Nos. 4-8], which came on for hearing before the above-captioned
Court on December 3, 2019 at 9:30 a.m. (the "Interim Hearing"). On December 4, 2019, the Court
entered an Order approving the Motion on an interim basis. [ECF No. 28] (the "Interim Order").
The matter was continued to January 7, 2020 at 2:00 p.m. for approval on a final basis.

On January 7, 2020, the matter came before the Honorable Christopher D. Jaime, all
appearances were noted in the record of the Hearing. The Court reviewed the Motion, objection

---

[1] All capitalized, undefined terms shall have the meanings ascribed to them in the Motion.

RECEIVED
January 14, 2020
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0006667169

6369\2

filed by the United States Trustee's Office and responses to the objection and the other pleadings on file and heard and considered the argument of counsel. The Court stated its findings of fact and conclusions of law on the record at the hearing on the Motion, which findings of fact and conclusions of law are incorporated herein by this reference in accordance with Fed. R. Civ. P. 52, as made applicable by Fed. R. Bankr. P. 9014. It appearing that the relief requested is necessary to preserve the Debtor's ongoing operations and necessary to avoid immediate and irreparable harm, and is in the best interests of Debtor, its estate, and its creditors; and in the light of the circumstances and the emergency nature of the relief requested; and after due deliberation and sufficient cause appearing therefor,

BASED UPON THE RECORD ESTABLISHED AT THE FINAL HEARING BY THE DEBTOR, AND FOR THE REASONS STATED ORALLY ON THE RECORD:

**IT IS HEREBY ORDERED THAT** the Motion to Obtain Post-Petition Financing is **GRANTED IN PART** on a final basis, and the Debtor in Possession is authorized to obtain post-petition financing from TAB and to grant TAB a post-petition security interest in property of the estate to secure such financing (11 U.S.C. §363(b), (c)(2) and §364(c)(2-3)) on the terms and conditions stated in the Agreement, modified as follows:

1. The definition of Collateral of the Agreement, subparagraph (vi) is modified to add that all avoidance actions under chapter 5 of the Bankruptcy Code ("<u>Avoidance Actions</u>") of the estate is an additional exception. For the avoidance of doubt, TAB shall not have a lien on Avoidance Actions, and proceeds of Avoidance Actions shall not be subject to TAB's super-priority claim under 11 U.S.C. § 363(c)(1);

2. Section 4 of the Agreement is modified, and the following provision is not approved in its entirety:

4815-2445-6369\2

    a.  "Purchaser [TAB Bank] may change the "Maximum Amount" of the DIP financing "either temporarily or permanently, to accommodate the purchase of any Eligible Account, as Purchaser deems desirable in its sole discretion."

3.  The "Early Termination Fee" provision (section 7, clause vi; section 16; and section 18), in the event Debtor prepays the DIP obligations, is not approved;

4.  Section 11 of the Agreement is modified as follows:

    a.  (ii) take or bring, in the name of Purchaser [TAB Bank] or Seller, all steps, actions, suits or proceedings deemed by Purchaser necessary or desirable to effect collection of or other realization upon the Accounts ~~and other Collateral~~;

        (iii) [reserved] ~~after an Event of Default, change the address for delivery of mail to Seller and to receive and open mail addressed to Seller.~~

5.  Section 19 of the Agreement is modified as follows:

    a.  The Parties agree that any suit, action or proceeding arising out of the subject matter hereof, or the interpretation, performance, or breach of this Agreement shall~~, if Purchaser so elects,~~ be instituted in this Bankruptcy Court, provided this case is pending, and if not in the courts of the State of Utah;

6.  Section 20 of the Agreement is modified as follows:

    a.  The first sentence of Section 20 is amended as follows:

        Subject to any applicable provisions of the Bankruptcy Code, Seller agrees to reimburse Purchaser on demand for: (i) the actual amount of all costs and expenses, including all costs of court, <u>reasonable</u> attorneys' fees, witness fees, expert fees, and other costs and fees which Purchaser has incurred or may incur in; . . . ."

    b.  The final sentence of Section 20 is amended as follows:

        Notwithstanding the existence of any law, statute or rule, in any jurisdiction which may provide Seller with a right to attorneys' fees

3

4815-2445-6369\2

or costs, Seller hereby waives any and all rights to hereafter seek attorneys' fees or costs hereunder and Seller agrees that Purchaser exclusively shall be entitled to indemnification and recovery of any and all <u>reasonable</u> attorney's fees and costs in respect to any litigation based hereon, arising out of, or related hereto, whether under, or in connection with, this and/or any agreement executed in conjunction herewith, or any course of conduct, course of dealing, statements (whether verbal or written) or actions of either Party, <u>*except*</u> <u>claims arising from Purchaser's own gross negligence or willful misconduct.</u>

7. Debtor is authorized to use any budget surplus to pay allowed administrative expenses as approved and allowed by the Bankruptcy Court pursuant to Sections 330 and 331 of the Bankruptcy Code and Quarterly fees owed to the United States Trustee.;

8. No priming liens shall be granted under 11 U.S.C. § 364(d); and

9. No admissions by the Debtor in the Motion or related documents with respect to the validity, perfection, amount or priority of TAB's pre-petition lien or debt shall be binding on any party other than the Debtor.

**IT IS FURTHER ORDERED** that there shall be no stay of effectiveness of this Order.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over any matters arising from or relating to the implementation and interpretation of this Order.

Approved as to form:

OFFICE OF THE UNITED STATES TRUSTEE

By: _____
Jason Blumberg
Attorney for the United States Trustee

**Dated:** January 15, 2020

_____
Christopher D. Jaime, Judge
United States Bankruptcy Court

4

4815-2445-6369\2