**6**
**LAW OFFICES OF GABRIEL LIBERMAN, APC**
Gabriel E. Liberman (SBN 303010)
Attorney@4851111.com
1545 River Park Drive, Suite 530
Sacramento, California 95815
Telephone:　(916) 485-1111
Facsimile:　(916) 485-1111

Attorney for HENDRICKSON TRUCK LINES, INC.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>**HENDRICKSON TRUCK LINES, INC.**<br><br>　　　　　Debtor. | Case No. 20-20975-B-11<br>Chapter 11<br>Docket Control No.:　GEL-6<br><br>**DECLARATION OF ALBAN LANG IN SUPPORT OF MEMORANDUM IN SUPPORT OF CONFIRMATION OF HENDRICKSON TRUCK LINES, INC.'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED JUNE 9, 2020**<br><br>**Hearing on Plan Confirmation:**<br>Date:　June 23, 2020<br>Time:　2:00 P.M.<br>Place:　501 I Street, 6th Floor<br>　　　　Sacramento, CA 95814<br>　　　　Department B – Courtroom 32<br><br>Judge:　Honorable Christopher D. Jaime |

I, Alban Lang, declare:

　　1.　I am the Vice President and CFO of Hendrickson Trick Lines, Inc., the Debtor-in-Possession (the "Debtor"), in the above-captioned case. I am of sound mind and, if asked to testify, can do so competently. That I am personally familiar with the facts contained in this declaration.

　　2.　I respectfully request that this Court for Order Confirming Debtor's First Amended Plan of Reorganization Dated June 9, 2020 (the "Plan").

3. The Debtor filed its Disclosure Statement and Plan of Reorganization Plan dated April 9, 2020 (the "Initial Plan" and "Disclosure Statement"). The Court has approved the Disclosure Statement, with respect to the Initial Plan and set June 9, 2020 as the last day for submitting objections to the Plan and set June 23, 2020 as the plan confirming hearing. [See Order approving Disclosure Statement Docket No. 137].

4. On June 9, 2020, Debtor filed and served the First Amended Chapter 11 Plan of Reorganization dated June 9, 2020 [Docket No. 145], specifically addressing an amended proof of claim, number 13 filed by Oregon Department of Transportation ("ODOT"), whereby the amended plan resolved a probable objection related to plan treatment.

5. To-date, no objections have been received or filed against the Initial Plan or the Plan. Debtor believes the Plan complies with all requirements for confirmation and based on the lack of objections will be confirmed without issue on June 23, 2020

6. To date, Debtor has received one (1) ballot in total; one accepting the Plan and zero ballots rejecting.

7. Debtor asserts that this Plan provides Claimants with the best opportunity for maximum recovery, as a chapter 7 liquidation would delay distribution to unsecured creditors. Furthermore, interested creditors have demonstrated support for the Plan.

8. The Plan divides claims into eleven (11) classes. Classes 2, 6-10 are impaired.

9. In the case at hand, Debtor received one (1) vote accepting the Plan and zero (0) rejected Ballot. The ballots are summarized below, Class 10 accepted the Plan.

**VOTES SUMMARY (IMPAIRED CLASSES ONLY)**

| Class | Creditor Name (claim type) | Claim Amount | Accept/ Reject |
|---|---|---|---|
| Class 2 | Transportation Alliance Bank, Inc – Secured Creditor | $1,353,796.00 | N/A |
| Class 6 | Internal Revenue Service – Unsecured Priority Creditor | $240,219.66 | N/A |

| | | | |
|---|---|---|---|
| Class 7 | California Department of Tax and Fee Administration - Priority Unsecured Creditor | $26,439.00 | N/A |
| Class 8 | Employment Development Department – Priority Unsecured Creditor | $3,322.28 | N/A |
| Class 9 | Oregon Department of Transportation – Priority Unsecured Creditor | $415,881.43 | N/A |
| Class 10 | General Unsecured Class | $457,004.79 | ACCEPTED |

10. Debtor's Plan divides claims into eleven (11) classes and explains the particular arrangement and treatment of each claim. The Plan also provides adequate means of implementation and execution. Debtors filed their plan through their attorney. Where more than one claim has been placed in a class, claims must be designated similar treatment under the Plan.

11. Classes 1-9 only contain one claim. Class 10 contains multiple claims belonging to unsecured creditors. All of the Class 10 Claimants receive equal treatment under the Plan: 100% of their allowed claim paid on a pro-rata monthly payment.

12. I prepared and assisted Debtor's counsel in filing the monthly operating statements for each required month and served them with the US Trustee's Office.

13. In addition, the Court approved Debtor's Disclosure Statement by issuing an Order. Appropriately, the Disclosure Statement provided an explanation of potential risks and a liquidation analysis.

14. Debtor proposed their Plan in good faith and not by any means forbidden by law. Generally, inference that the Plan has been filed in good faith is the lack of any objections. Debtor received no objections to-date.

15. Debtor's Plan provides for the full payment of administrative expenses including Trustee and Attorney fees in Article IV. of the Plan.  In addition, the Court approved the employment of Debtor's attorney, Gabriel E. Liberman. Debtor has made an application to the Court for the first and final compensation of the attorneys pursuant to the employment agreement, set for hearing concurrently with Plan confirmation. No interim fee applications or other professional's employment applications were filed in this case.

16. Debtor is a California corporation and owned by William Hendrickson and managed by Ward Hendrickson, President, and Alban Lang, Vice President and CFO. Debtor will continue to operate its affairs during and after the bankruptcy in the same capacity.

17. Debtor disclosed its insider and equity holders. Treatment of equity holders are provided for in Class 11 and an unimpaired class, as the equity holders retain their interest in the Debtor upon confirmation.

18. Class One - **Coleson Investment Companies LLC,**– Secured Creditor: **Unimpaired**: Did not cast a ballot accepting or rejecting the plan. Claimant will receive 100% of their claim.

19. Class Two – **Transportation Alliance Bank, Inc.** – Secured Creditor: **Impaired**: Did not cast a ballot accepting or rejecting the plan. TAB Bank will receive 100% of their claim.

20. Class Three – **Transportation Alliance Bank, Inc.** – Secured Creditor: **Unimpaired**: Did not cast a ballot accepting or rejecting the plan. Claimant will receive 100% of their claim.

21. Class Four – **Transportation Alliance Bank, Inc.** – Secured Creditor: **Unimpaired**: Did not cast a ballot accepting or rejecting the plan. Claimant will receive 100% of their claim.

22. Class Five – **Ciras, LLC** – Secured Creditor: **Unimpaired**: Did not cast a ballot accepting or rejecting the plan. Claimant will receive 100% of their claim.

23. Class Six – **Internal Revenue Service** – Priority Unsecured Creditor: Impaired: Did not cast a ballot accepting or rejecting the plan. Claimant will receive 100% of their claim.

24. Class Seven – **California Department of Tax and Fee Administration** – Priority Unsecured Creditor: Did not cast a ballot accepting or rejecting the plan. Claimant will receive 100% of their claim.

25. Class Eight – **Employment Development Department** – Priority Unsecured Creditor: Did not cast a ballot accepting or rejecting the plan. Claimant will receive 100% of their claim.

26. Class Nine – **Oregon Department of Transportation** – Priority Unsecured Creditor: Did not cast a ballot accepting or rejecting the plan. Claimant will receive 100% of their claim.

27. Class Ten – **General Unsecured Creditors**: ACCEPTED PLAN. Claimants will receive 100% of their claim paid on a pro-rata basis following plan confirmation.

28. No creditors have made the 1111(b))(2) election in this case.

29. Not all impaired classes accepted the Plan.

30. With respect to Debtor's Plan, all administrative priority claims will be paid on the effective date of the Plan. Priority unsecured claims are provided for under the Plan and paid in installment payments at the applicable governmental rates.

31. Impaired Class 10, general unsecured creditors have accepted the Plan. This was determined without including any acceptance of the Plan by any insider.

32. Debtor provided a comprehensive budget in the Disclosure statement, which provides a cash surplus following plan confirmation. During the pendency of this case, Debtor has been able to maintain a healthy profit ($229,471 based on May's monthly operating report) and cash balance of $297,872.00. Debtor has seen an increase in business since filing of this case, even with the COVID-19 pandemic, as truck drivers were considered essential workers and Debtor was able to continue operating during the shelter in place orders. Debtor's Plan provides for marginal increases each year to its priority unsecured creditors, which will allow Debtor to continue gaining traction in the freight market, while maintaining its on-going and Plan payments.

33. Under this Plan, Administrative Expenses shall be paid in full on the effective date of the Plan or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. Debtor is current on all quarterly fees to the UST and will continue to pay such fees until the case is administratively closed. Further, it can be inferred that the Debtors has satisfied this section by the absence of any objections from the United States Trustee to plan confirmation.

34. Debtor does not provide retirement benefits to any party. Therefore, this section is not applicable.

35. Debtor does not have any domestic support obligations.

///
///
///
///
///

36. The absolute priority rule is satisfied in this case as all creditors will receive 100% of their allowed claim while Debtor's equity holders retain their interest.

I, Alban Lang, declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June 16, 2020

By: */s/ Alban Lang*
    Alban Lang
    Vice President and CFO for Debtor